IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAYTON NAKANELUA, JEANNE ENDO,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED PUBLIC WORKERS, AFSCME, LOCAL 646, AFL-CIO, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES,<br><br>Defendants. | CIVIL NO. 20-00442 JAO-KJM<br><br><br>**ORDER DENYING PLAINTIFFS' MOTION TO SUPPLEMENT THE EVIDENTIARY RECORD** |

**ORDER DENYING PLAINTIFFS' MOTION TO SUPPLEMENT THE EVIDENTIARY RECORD**

Plaintiffs Dayton Nakanelua and Jeanne Endo (collectively, "Plaintiffs") move pursuant to Federal Rule of Civil Procedure ("FRCP") 56(e) to supplement the evidentiary record pertaining to Defendants' the United Public Workers, AFSCME, Local 646, AFL-CIO and its parent organization, the American Federation of State, County and Municipal Workers (collectively, "Defendants")

1

pending motion for summary judgment. *See* ECF No. 126 ("Motion"). Defendants oppose the Motion, *see* ECF No. 127, and Plaintiffs filed a reply, *see* ECF No. 129. For the following reasons, the Court DENIES the Motion.

Because the Court and the parties are familiar with the facts and procedural history of this case, the Court will not recount them here except those relevant to the instant Motion.

On October 13, 2021, Defendants moved for summary judgment on Plaintiffs' remaining claims. *See* ECF No. 78. Plaintiffs filed their opposition on November 12, 2021, *see* ECF No. 93, and the Court held a hearing on the motion on December 10, 2021, *see* ECF No. 114. The motion for summary judgment is pending.

On January 6, 2022, Plaintiffs informed the Court that they intended to file a motion to supplement the record pertaining to Defendants' pending motion for summary judgment. ECF No. 122. They filed the Motion on January 10, 2022, requesting that the Court allow Plaintiffs to supplement the record with excerpts of the depositions of Richard Abelson ("Abelson") and John Lyall ("Lyall") (collectively, "Trial Officers"). ECF No. 126 at 2. Abelson and Lyall served on the Judicial Panel as trial officers at Plaintiffs' union disciplinary proceedings and authored the decision at the heart of this case. *See* ECF No. 80-11 at 1–2, 45. Plaintiffs argue that the deposition testimony demonstrates that Defendants'

2

motion for summary judgment must fail. *See* ECF No. 126-1 at 4–6. Defendants oppose the Motion arguing that (1) FRCP 56(d) is the appropriate mechanism for supplementing the record and Plaintiffs failed to make a timely showing under the rule, *see* ECF No. 127 at 8–12; (2) FRCP 56(e) is not the proper vehicle for supplementing the record, *see id.* at 12–15; and (3) even under FRCP 56(e), Plaintiffs cannot prevail because they have not demonstrated diligence or good faith and because supplementing the record at this stage of the litigation would prejudice Defendants, *see id.* at 15–23.

FRCP 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

FRCP 56(d). Meanwhile, FRCP 56(e) provides as relevant that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may: (1) give an opportunity to properly support or address the fact; . . . or (4) issue any other appropriate order." FRCP(e)(1), (4).

Courts have employed both rules to address motions to supplement the record on summary judgment. *Compare Fox v. County of Sacramento*, No. 2:11–

3

CV–00419 JAM–KJN, 2012 WL 4056846, at *1–2 (E.D. Cal. Sept. 14, 2012) (citing FRCP 56(e) in denying motion to supplement when plaintiffs had evidence but inadvertently failed to include it in opposition to motion for summary judgment), *with Stucky v. Dep't of Educ.*, 337 F. App'x 611, 613 (9th Cir. 2009) (citing FRCP 56(f) — the previous version of FRCP 56(d) — in affirming district court's denial of motion to supplement when moving party presented no evidence that a deposition could not have been taken sooner); *see* Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment. In any event, district courts have "discretion to permit parties to submit supplemental materials in support of or in opposition to a motion for summary judgment." *See Agua Caliente Band of Cahuilla Indians v. Coachella Valley Water Dist.*, Case No. EDCV 13-00883 JGB (SPx), 2018 WL 6190348, at *3 (C.D. Cal. Aug. 1, 2018) (citing *Savage v. Dennis Dillon Auto Park & Truck Ctr., Inc.*, Case No. 1:14-cv-00123-EJL-CWD, 2015 WL 6134354, at *2 (D. Idaho Oct. 19, 2015)). They also have discretion to deny motions to supplement when the moving party demonstrates a lack of diligence. *See Stucky*, 337 F. App'x at 613; *cf. Coyaso v. Bradley Pacific Aviation, Inc.*, Civil No. 11–00267 JMS/RLP, 2012 WL 1883718, *2 (D. Haw. May 12, 2012) (denying for lack of diligence motion to reconsider grant of summary judgment where plaintiff noticed deposition after defendant filed motion for summary judgment but did not seek a continuance of the hearing on the motion nor explain why plaintiff

could not take deposition prior to motion hearing). District courts at times discuss the timeliness of the moving party's attempt to supplement the record in terms of good or bad faith rather than diligence. *See, e.g.*, *Roosevelt Irrigation Dist. v. Salt River Project Agric. Improvement & Power Dist.*, No. 2:10-CV-00290 DAE-BGM, 2017 WL 2721437, at *3 (D. Ariz. Mar. 14, 2017); *George v. Nw. Mut. Life Ins. Co.*, No. C10-668-RSM, 2011 WL 3881476, at *4 (W.D. Wash. Sept. 1, 2011). Thus, regardless of which provision of FRCP 56 is the proper procedural mechanism, the central question here is whether Plaintiffs demonstrated the requisite diligence. The Court finds that they have not.

Plaintiffs did not contact Defendants' counsel until November 3, 2021 about scheduling the depositions of Abelson and Lyall. *See* ECF No. 126-4 at 5. Plaintiffs had already moved for partial summary judgment on August 26, 2021. *See* ECF No. 55. Their brief in support of the motion demonstrates that Plaintiffs were aware that the testimonies of Abelson and Lyall would likely be relevant to the case. *See* ECF No. 55-1 at 11–12; *id.* at 12 ("[T]he Trial Officers — the purportedly independent 'judges' — delved into issues that were clearly not the subject of the charging documents." (emphasis omitted)). Further highlighting the Trial Officers' relevance to the case, Defendants submitted a declaration by Abelson on September 21, 2021 as part of their opposition to Plaintiffs' motion for partial summary judgment. *See* ECF No. 63-2. Because of the early recognition

5

that Lyall and Abelson may play key roles in the case, the Court is unpersuaded by Plaintiffs' assertion that purported delays in Defendants' document production, *see* ECF No. 126-1 at 7–8, meant they were not in position to schedule depositions until November. That Plaintiffs did not even begin to schedule the Trial Officers' depositions until days before their deadline to oppose Defendants' motion for summary judgment suggests a lack of diligence on their part. Thus, Plaintiffs' Motion is an attempt to supplement the record with evidence that it could have adduced and presented to the Court in accordance with the Court's briefing schedule on Defendants' motion for summary judgment.

Further, until this Motion, Plaintiffs never raised to the Court that potentially significant evidence to Defendants' pending motion for summary judgment may be outstanding. Plaintiffs could have alerted the Court before or at the time of their opposition, at the December 10, 2021 hearing on the motion for summary judgment, or even after the first portions of both depositions, which took place on December 16 and 17. *See* ECF No. 126-2 at 3. Their failure to do so also evinces a lack of diligence.

Additionally, allowing Plaintiff to supplement the record now would prejudice Defendants. Nothing in the record suggests that Defendants acted in bad faith regarding the scheduling of the depositions. To permit Plaintiffs to supplement the record after the briefing and argument on Defendants' motion for

summary judgment, would give them a second bite at the apple. The Court would have to allow Defendants to respond and potentially supplement their evidentiary submissions. Requiring Defendants to devote resources to such an effort less than two months ahead of the scheduled trial disadvantages their trial preparation.

Thus, for the foregoing reasons, the Court DENIES Plaintiffs' Motion.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, January 19, 2022.



Jill A. Otake
United States District Judge

---

Civil No. 20-00442 JAO-KJM, *Nakanelua, et. al vs. United Public Workers, AFSCME, Local 646, et. al*; ORDER DENYING PLAINTIFFS' MOTION TO SUPPLEMENT THE EVIDENTIARY RECORD