IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAYTON NAKANELUA, JEANNE ENDO,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED PUBLIC WORKERS, AFSCME, LOCAL 646, AFL-CIO, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES,<br><br>Defendants. | CIVIL NO. 20-00442 JAO-KJM<br><br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR INTERLOCUTORY APPEAL** |

**ORDER DENYING PLAINTIFFS' MOTION FOR INTERLOCUTORY APPEAL**

Plaintiffs Dayton Nakanelua and Jeanne Endo (collectively, "Plaintiffs") move pursuant to 28 U.S.C. § 1292(b) for leave to file an interlocutory appeal of the Court's Order Denying Plaintiffs' Partial Motion for Summary Judgment as to Liability for Counts I and II of the Complaint.  *See* ECF No. 102 ("Motion"); ECF No. 92 ("MSJ Order").  Plaintiffs also ask the Court to stay the case should it grant

1

the Motion. *See* ECF No. 102-1 at 11. Defendants the United Public Workers, AFSCME, Local 646, AFL-CIO ("UPW") and its parent organization, the American Federation of State, County and Municipal Workers ("AFSCME") (collectively, "Defendants") oppose the Motion. *See* ECF No. 110.

For the following reasons, the Court DENIES Plaintiffs' Motion.

## I.   Background

Because the parties and the Court are familiar with the facts of this case, the Court will only provide a brief recitation of the background.[1]

UPW is a labor union that represents approximately 13,000 members across the State of Hawai'i, most of whom are state, county, and city employees. ECF No. 1 ¶ 7; ECF No. 44 ¶ 4. AFSCME is an international labor union and is UPW's parent organization. See ECF No. 56 ¶¶ 1–2; ECF No. 63 ¶¶ 1–2. Nakanelua was the State Director of UPW, ECF No. 1 ¶ 9; ECF No. 44 ¶ 4, and Endo was the Administrator of Fiscal and Membership Services of UPW, ECF No. 1 ¶ 12; ECF No. 44 ¶ 7.

Beginning in April 2019, a union official filed a series of charges against Plaintiffs for alleged financial wrongdoing. *See* ECF Nos. 56-6, 56-7, 56-8, 56-11. After this first round of charges, AFSCME's president determined an audit of

---

[1] For a fulsome discussion of the facts, the Court directs any interested reader to the MSJ Order itself. *See* ECF No. 92 at 3–8.

2

UPW's financial books and records was appropriate before the charges could be considered further since "[a]ll charges generally allege financial mismanagement and improper or unauthorized expenditures."  ECF No. 63 ¶ 53; *see* ECF No. 72 ¶ 53.  At the culmination of the audit process, the auditor produced the final audit report ("Final Report").  *See* ECF No. 63-14 at 50–76.  In January 2020, the charging party filed amended charges against Plaintiffs.  *See* ECF Nos. 56-9 (Nakanelua), 56-12 (Endo).  Both amended charging documents state:  "Based on the [Final Report] . . . amended charges are as follows[.]"  ECF Nos. 56-9 (Nakanelua), 56-12 (Endo).

Defendants' Judicial Panel held a trial against Plaintiffs in March 2020.  *See* ECF No. 63 ¶ 66.  The Judicial Panel found Plaintiffs guilty of some conduct and acquitted them of other wrongdoing in a written decision ("Decision").  *See* ECF No. 56-10.  Accordingly, the Judicial Panel terminated Endo's employment and removed Nakanelua from office.  *Id.* at 44–45.

Plaintiffs then filed suit.  *See* ECF No. 1.  As relevant to the MSJ Order and the instant Motion, Plaintiff alleged that Defendants violated the Labor Management Relations Act ("LMRA") (Count I), and the Labor-Management Reporting and Disclosure Act ("LMRDA") (Count II).  *Id.*  In Plaintiffs' motion for partial summary judgment, they claimed that the charging documents were not sufficiently specific, and that Defendants found Plaintiffs guilty of uncharged

3

conduct. *See generally* ECF No. 55-1. In opposition, Defendants argued that the charging documents incorporated the Final Report by reference and that Plaintiffs' specificity and uncharged conduct claims failed. *See generally* ECF No. 64 at 22–33.

The Court denied Plaintiffs' motion. *See generally* ECF No. 92. In doing so, the Court rejected Plaintiffs' argument that the Court needed to limit itself to the four corners of the charging documents to determine the scope of the charges. *Id.* at 16. After reviewing the record and the relevant case law, the Court concluded that the amended charging documents incorporated the Final Report such that the Final Report became part of the charges. *Id.* at 16–22. Plaintiffs take issue with that determination in the instant Motion. *See* ECF No. 102-1 at 2.

## II.   Legal Standard

A district court may certify a matter for interlocutory appeal when the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The three requirements are "jurisdictional prerequisites" such that if any of them is unmet, the Court of Appeals cannot hear the interlocutory appeal. *See In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). Further, interlocutory appeal pursuant to § 1292(b) should only be allowed in "exceptional situations." *Id.*

### III. Discussion

Plaintiffs ask the Court to certify for appeal one issue: whether the amended charging documents incorporated the Final Report by reference. ECF No. 112 at 2.

### A. Controlling Question Of Law

"[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation[.]" *In re Cement Antitrust Litig.*, 673 F.2d at 1026 (citation omitted). Still, courts must interpret the requirement so "that section 1292(b) is . . . applied sparingly and only in exceptional cases." *Id.* at 1027 (citations omitted). And, while the Ninth Circuit has not addressed the matter, many courts have held that a controlling question of law must be a pure question of law. *See Hawaiʻi v. JP Morgan Chase & Co.*, 921 F. Supp. 2d 1059, 1066–67 (D. Haw. 2013); *Chehalem Physical Therapy, Inc. v. Coventry Health Care, Inc.*, No. 09-CV-320-HU, 2010 WL 952273, at *3 (D. Or. Mar. 10, 2010) (collecting cases); *see also Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000).

The Court concludes that the issue Plaintiffs present is not the type of pure question of law that is appropriate for interlocutory appeal. Plaintiffs' motion for partial summary judgment, and Defendants' opposition, did not raise an abstract legal question about whether charging documents in union disciplinary proceedings may incorporate other documents by reference. Instead, the Court had

5

to grapple with whether these specific amended charging documents incorporated this specific Final Report. *See ICTSI Or., Inc. v. ILWU*, — F. 4th —, 2022 WL 152079, at *5 (9th Cir. Jan. 18, 2022) (dismissing an appeal for lack of § 1292(b) jurisdiction in part because the issue before the court was not an abstract question of law but rather a question of fact specific to the circumstances of the case). In concluding that the amended charging documents did so, the Court not only reviewed the language of the charging documents but delved into the circumstances of the charges against Plaintiffs and the creation of the Final Report. *See* ECF No. 92 at 5–7 (describing the genesis of the audit process, Plaintiffs' response to the draft audit report, the January 2020 amended charging documents, and Plaintiffs' written answers to the charges that addressed the Final Report); *id.* at 19 (noting that Plaintiffs reviewed the draft report and reference the Final Report in their written answer to the charges ahead of trial).

      The Court examined the circumstances surrounding the creation of the Final Report and the Plaintiffs' responses to it because the Court determined that the "touchpoint inquiry" under the LMRA and LMRDA was whether Plaintiffs were on notice about the charges they faced. *See id.* at 17. Notice is an inherently fact-based inquiry that would require the Ninth Circuit to take "a deep dive into the factual record." ECF No. 102-1 at 6 (citing 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3930 (3d ed.)).

Thus, questions of fact largely dictate the answer to Plaintiffs' proposed controlling question of law and the Court concludes that Plaintiffs have not met their burden for leave to file an interlocutory appeal.

And while a controlling question need not be dispositive, *see In re Cement Litig.*, 673 F.2d at 1026, the Court notes that the MSJ Order did not conclude that Plaintiffs' specificity and uncharged conduct theories fail. It merely held that there were factual questions about whether Defendants' charges were specific enough and contained all of the conduct for which Plaintiffs were found guilty.

Although failure to meet any one of the three jurisdictional prerequisites under § 1292(b) is sufficient for the Court to deny Plaintiffs' Motion, the Court will address the other requirements as well.

**B.   Substantial Ground For Difference Of Opinion**

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). "[A] party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference.'" *Id.* (citation omitted). Whether a substantial ground for difference of opinion exists "does not turn on a prior court's having reached a conclusion adverse to that from which [the party] seek[s] relief. A substantial ground for difference of opinion exists where reasonable jurists might disagree on

an issue's resolution, not merely where they have already disagreed." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).

Plaintiffs argue that there is a substantial ground for difference of opinion on the incorporation issue for four separate reasons.  First, Plaintiffs contend that the amended charging documents merely mention the Final Report and then set forth specific charges.  ECF No. 102-1 at 8.  In Plaintiffs' interpretation, the charging documents could be read to mean "that more information about the . . . *listed allegations* could be found in the audit report, but not that the entirety of the audit report is incorporated by reference into the charges." *Id.*  Second, Plaintiffs challenge the Court's rejection of their proposal to apply contract law standards of incorporation by reference in this case. *Id.* at 8–9.  Third, Plaintiffs argue that even if the charging documents incorporate the Final Report by reference, Defendants still failed to provide Plaintiffs with reasonable notice of the charges they faced. *Id.* at 9–10.  Fourth, Plaintiffs note that this is an area of law with a dearth of precedent. *Id.* at 10.

While the Court recognizes that there are difficult issues in this case, it concludes that Plaintiffs have failed to satisfy their burden of showing a substantial ground for difference of opinion on the incorporation by reference issue.  But because of the paucity of case law directly relevant to the question, the Court also emphasizes that even if Plaintiffs have met their burden on this element, the

Court's conclusion on the other requirements necessitates a denial of the instant Motion.

As to Plaintiffs' first argument, the Court reiterates that it relied on the plain language of the amended charging documents. The amended charging document for Nakanelua reads: "*Based on* the [Final Report]" Nakanelua's "amended charges are as follows: Misappropriation, improper and illegal use of funds." *See* ECF No. 56-9 at 1 (emphasis added). It then includes a list of seven items, such as "1. Misappropriation of union funds while Mr. Aqui constantly signed [Nakanelua's] expense report and reimbursement checks without receipts, proper authorization, documentation and explanations," "4. [Nakanelua] submitted 'CERTIFICATION' documents as receipts for illegal reimbursements," and "7. [Nakanelua] violated the UPW Constitution and The Financial Standard Code."

Thus, even accepting Plaintiffs' proposed interpretation there would be factual questions about what broad charges like numbers 1, 4, and 7 mean. The only reasonable reading of the document is that the Final Report provides the factual details underlying the charges. Thus, "[w]hile 'based on' is just a short two-word phrase, its meaning is clear — the Final Report provided the factual basis for the amended charges." ECF No. 92 at 20.

Regarding Plaintiffs' second and fourth arguments, the Court notes that Plaintiffs have failed to provide the Court with any precedent suggesting that

contract law principles should be applied to union disciplinary charging documents. And the most relevant case to the instant question held that charging documents could incorporate other materials by reference. *See Chao v. Local 1357, IBEW*, 232 F. Supp. 2d 1119, 1129 (D. Haw. 2002). Thus, Plaintiffs "have not provided a single case that conflicts with the [Court's] construction or application" of the LMRA or LMRDA as it relates to the incorporation question. *Couch,* 611 F.3d at 633 (citation omitted).

And on Plaintiffs' third argument, the Court agrees that Defendants have so far failed to prove that the charges against Plaintiff were sufficient. The MSJ Order merely held that Plaintiffs had not proven as a matter of law that Defendants' charges were insufficient. But Plaintiffs' argument demonstrates why the incorporation issue is poorly suited for interlocutory appeal — there is still much to be decided in this case that is not necessarily dependent on the incorporation by reference question. Further, Plaintiffs do not make clear how their argument demonstrates a substantial ground for difference of opinion.

In sum, the Court doubts that Plaintiffs have met their burden on this element, but even if they have, their Motion still fails for the reasons specified elsewhere in this Order.

### C. Materially Advance The Ultimate Termination Of The Litigation

"[N]either § 1292(b)'s literal text nor controlling precedent requires that the interlocutory appeal have a final, dispositive effect on the litigation, only that it 'may materially advance' the litigation." *Reese*, 643 F.3d at 688 (quoting 28 U.S.C. § 1292(b)). As this district has explained,

> The requirement that an interlocutory appeal materially advance the ultimate termination of the litigation is directed to the very purpose of § 1292(b) — to "facilitate disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later in order to save the courts and the litigants unnecessary trouble and expense." *United States v. Adam Bros. Farming, Inc.*, 369 F. Supp. 2d 1180, 1182 (C.D. Cal. 2004); *see also In re Cement Antitrust Litig.*, 673 F.2d at 1026 (stating that § 1292(b) is used "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation").
>
> And most critical here, an interlocutory appeal is appropriate where resolution of the issue would materially advance the termination of not only the present case, but also other cases pending before the court.

*Leite v. Crane Co.*, Civil No. 11-00636 JMS/RLP, 2012 WL 1982535, at *6–7 (D. Haw. May 31, 2012) (brackets and other citations omitted).

The Court concludes that Plaintiffs have not presented the type of question of which immediate resolution would avoid protracted litigation. Indeed, it is more likely that an interlocutory appeal would delay the ultimate termination of the suit. To start, trial is scheduled to begin in less than three months. *See Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988) ("We also find

that to allow interlocutory appeal of this motion would not 'materially advance the ultimate termination of the litigation.'  Indeed, an interlocutory appeal might well have the effect of delaying the resolution of this litigation, for an appeal probably could not be completed before . . . when trial is currently scheduled." (quoting 28 U.S.C. § 1292(b)); *see also K.S-A. v. Hawaiʻi, Dep't of Educ.*, Civ. No. 16-00115 ACK-KJM, 2018 WL 3431922, at *3 (D. Haw. July 16, 2018) (denying motion for interlocutory appeal in part because of approaching trial date).

Further, although an issue need not be dispositive for a district court to certify it for appeal, an answer to the incorporation question here may not even significantly narrow the scope of trial.  For example, even if the Ninth Circuit reversed the MSJ Order on the incorporation by reference question, there might still be factual questions regarding Plaintiffs' notice of the charges they faced.  The same evidence would be relevant to Plaintiffs' notice regardless of whether the charging documents technically incorporated the Final Report.  In short, the incorporation by reference question is so bound up with the factual circumstances in this case that an appeal now would not be likely to advance the ultimate termination of this litigation.  For similar reasons, a ruling from the Ninth Circuit on the incorporation by reference question would almost certainly not advance the ultimate termination of other lawsuits.  *See Leite*, 2012 WL 1982535, at *7.

## IV. Conclusion

For the foregoing reasons, the Court DENIES Plaintiffs' Motion.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, January 19, 2022.



Jill A. Otake
United States District Judge

---

Civil No. 20-00442 JAO-KJM, *Nakanelua, et. al vs. United Public Workers, AFSCME, Local 646, et. al*; ORDER DENYING PLAINTIFFS' MOTION FOR INTERLOCUTORY APPEAL